FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 19 2005

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL BEARDEN                                                    PLAINTIFF

VS.                           NO. 4-05 CV00001137 JLH

DUDLEY LEMON, individually and in his official
Capacity as the Sheriff of Cleburne County                         DEFENDANT

## COMPLAINT

This case assigned to District Judge Holmes
and to Magistrate Judge Ray

Plaintiff, Michael Bearden, by and through his attorneys, Harrill & Sutter, P.L.L.C, for his Complaint, states:

### PARTIES AND JURISDICTION

1.      Michael Bearden (Plaintiff), at all relevant time periods, was a resident of Cleburne County Arkansas, who was employed at Defendant's location in Cleburne County, Arkansas.

2.      Defendant Dudley Lemon, in his individual and official capacity as Sheriff of Cleburne County, employed and terminated Plaintiff in violation of his rights to freedom of speech under the Arkansas Constitution and the United States Constitution.

3.      This action is brought for violations of 42 U.S.C. 1983, and the Arkansas Civil Rights Act of 1993 (ACRA). Consequently, this Court has subject matter jurisdiction over the federal claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the state claim, under 28 U.S.C. § 1367, and personal jurisdiction over the parties.

4.      Furthermore, venue is proper under 28 U.S.C. § 1391(b).

### GENERAL ALLEGATIONS OF FACT

5.      Plaintiff was employed by Defendant from June of 2000 through December 31, 2004, first as a jailer, then as a deputy.

6.      Plaintiff was a satisfactory deputy.

7.      Defendant Lemon had a policy of not prosecuting DWIs.

1

8.  Defendant Lemon put pressure on Plaintiff to nolle pros several DWIs, based on the offenders relationship to a police officer or to Defendant Lemon. Some of them were nolle prossed by Dudley after Plaintiff refused to do so, some of them were not nolle prossed because Plaintiff refused to do so.

9.  Plaintiff had more than one conversation with Defendant Lemon in which he disagreed with and protested this policy, including one about three months before his termination.

10. Defendant Lemon would get angry with Plaintiff for doing this.

11. Defendant Lemon terminated Plaintiff effective December 31, 2004, claiming Plaintiff wrote too many traffic tickets.

12. However, after a meeting in which Plaintiff was instructed to reduce the number of tickets he was writing in September 2004, he did so, writing tickets at a rate similar to that of other deputies, thus Lemon cannot have been truthful.

13. Plaintiff continued to protest and disagree with the policy of not prosecuting DWIs after September 2004.

14. Thus, Defendant Lemon terminated Plaintiff for protesting and disagreeing with a policy not prosecuting DWIs.

### COUNT I – 42 U.S.C. 1983 & ACRA

15. Plaintiff realleges the foregoing as if fully set out herein.

16. Defendant's retaliation against Plaintiff violates his rights to of freedom of speech under the Arkansas Constitution and the First Amendment to the Constitution of the United States, in violation of 42 U.S.C. § 1983, and the Arkansas Civil Rights Act of 1993, codified in Ark. Code Ann. § 16-123-107.

17. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost

fringe benefits, lost earning capacity, and has incurred expenses that would not otherwise have been incurred.

18. Defendant Lemon's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT II – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

19. Plaintiff realleges the foregoing as if fully set out herein.

20. Ark. Code Ann. 5-65-107 requires that any person arrested for Driving While Intoxicated (Ark. Code Ann. 5-65-103) be tried on or plead to those charges, and that no such charges shall be reduced.

21. Therefore, Defendant has wrongfully discharged Plaintiff in violation of public policy.

22. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, and has incurred expenses that would not otherwise have been incurred.

## COUNT III – FELONY TORT

23. Plaintiff realleges the foregoing as if fully set out herein.

24. Pursuant to Arkansas law, threatening a witness with the intent of influencing his testimony, inducing him to avoid legal process, or inducing him to absent himself from an official proceeding is a Class C felony.

25. Therefore, Defendant has committed felony-tort by trying to force Plaintiff to change a ticket he had written, or not show up for trial.

26. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost fringe benefits, lost earning capacity, and has incurred expenses that would not otherwise have been incurred.

27.   Defendant Lemon's actions have been so egregious so as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff prays for back pay and front pay or reinstatement, appropriate compensatory damages for mental, emotional, and physical suffering; for punitive damages against the individual Defendants; for an injunction requiring Defendants to remove all adverse information from Plaintiff's personnel file; for an injunction requiring Defendants to reinstate Plaintiff; for a trial by jury; for reasonable attorneys' fees; for costs; and for all other just and proper relief.

Respectfully Submitted,

HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
310 Natural Resources Drive
P.O. Box 21098
Little Rock, Arkansas 72221
(501) 223-3158

By: _____
Lucien Gillham, Ark. Bar #99199

g:\doc\bearden\cplt.doc